NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2546
_____

XUEJIE HE;
HEYANGJING SHI,
Appellants

v.

UNITED STATES OF AMERICA; STATE OF NEW JERSEY; STATE OF NEW YORK; UNION CITY POLICE DEPARTMENT; GUTTENBERG POLICE DEPARTMENT; CHASAN LAMARELLO MALLON & CAPPUZZO PC; HUDSON HOSPITAL OPCO LLC; CAREPOINT HEALTH CHRIST HOSPITAL; HUDSON COUNTY PROSECUTORS OFFICE; DELTA AIR LINES INC; ALIBABA GROUP HOLDING LIMITED; TAOBAO; ASLAN AVIATION SERVICES (SHANGHAI) CO LTD; DEREK SMITH LAW GROUP PLLC; COALITION FOR THE HOMELESS; CATHOLIC CHARITIES COMMUNITY SERVICES CENTER; NEW YORK CITY; BILL DE BLASIO; NEW YORK CITY RESCUE MISSION; NEW YORK CITY HUMAN RESOURCES ADMINISTRATION; TRINITY COMMONS; TRINITY EPISCOPAL CHURCH PARISH CENTER; NEW YORK PRESBYTERIAN FOUNDATION INC; NEW YORK PRESBYTERIAN HOSPITAL; NEW YORK PRESBYTERIAN LOWER MANHATTAN HOSPITAL; WEILL CORNELL MEDICAL; CANTONESE INTERPRETER FOR NY PLMH; MODERN MEDICAL PC; AFFINITY HEALTH PLAN INC; CENTENE CORPORATION; FIDELIS CARE; NEW YORK CITY POLICE DEPARTMENT; NEW YORK CITY POLICE DEPARTMENT 109TH PRECINCT; NEW YORK CITY POLICE DEPARTMENT 120TH PRECINCT; NEW YORK CITY POLICE DEPARTMENT 121 PRECINCT; GARDEN OF HOPE; NEW YORK CITY TRANSIT AUTHORITY; TRANSIT ADJUDICATION BUREAU; NEW YORK CITY DEPARTMENT OF TRANSPORTATION; NEW YORK CITY DEPARTMENT OF DESIGN AND CONSTRUCTION; NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; MOUNT SINAI HEALTH SYSTEM INC; ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI; MOUNT SINAI HOSPITAL; MOUNT SINAI BETH ISRAEL; MOUNT SINAI WEST; RICHMOND UNIVERSITY MEDICAL CENTER; OFFICE OF THE NEW YORK CITY CONTROLLER; NEW YORK UNIVERSITY; NEW YORK UNIVERSITY COLLEGE OF DENTISTRY; METROPOLITAN DENTAL ASSOCIATES; LEGAL SERVICES NYC; LEGAL AID

SOCIETY; NEW YORK CITY MARSHALS; CAMBA INC; CITY UNIVERSITY OF NEW YORK; BOROUGH OF MANHATTAN COMMUNITY COLLEGE; RENATA V. WEBER; JOAN M. KENNEY; DORIS LING-COHAN; LIZBETH GONZALES; MATTHEW F. COOPER; LOUIS L STANTON; BARRINGTON D. PARKER; PETER W. HALL; CHRISTOPHER F. DRONEY; KIMBERLY SLADE; LIN YANFEN; MASH JIM; LIUFENG CHEN; JOHN DOE JIM; HINGSZE CHAO; JOHN DOE B

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:20-cv-08545)
District Judge:  Honorable John M. Vazquez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2022
Before:  KRAUSE, BIBAS and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 25, 2022)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellants Xuejie He and Heyangjing Shi appeal from the District Court's

dismissal of their second amended complaint after screening it pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  For the reasons that follow, we will affirm the District Court's

judgment.

In July 2020, appellants filed a complaint against more than seventy defendants,

including the United States, several U.S. states, community non-profit organizations,

hospitals, universities, state and federal judges, and various individuals.  Appellants made

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

allegations about a series of unconnected events over the course of several years. The District Court concluded that it lacked subject matter jurisdiction over appellants' claims after screening their complaint, as the parties were not diverse and there was no basis for federal jurisdiction given appellants' allegations. The District Court dismissed this complaint with leave to amend, explaining the requirements for appellants to clarify their claims.

Appellants filed an amended complaint, which the District Court screened again and dismissed with further leave to amend. Appellants then filed a second amended complaint, the operative complaint here. Appellant He alleged that various defendants failed to assist her after she was sexually assaulted, that other defendants did not provide adequate medical care when she sought it over the course of several years, and that she had been illegally evicted. Appellants also discussed issues with an airline flight and a burglary, among other allegations. After screening this complaint, the District Court concluded that appellants had not made any meaningful changes to their allegations and that they failed to state a claim, dismissing the complaint without leave to amend. Appellants timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We construe appellants' allegations liberally and exercise plenary review over the District Court's dismissal of their operative complaint for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Appellants primarily repeat some of the factual allegations from their second amended complaint in their appellate brief. Their only citation to federal law is to 42

3

U.S.C. § 2000a, which prohibits discrimination in public accommodations on the basis of race, color, religion, or national origin. At no point have appellants made allegations suggesting that any defendant discriminated against them based on their race, color, religion, or national origin, in a place of public accommodation. Further, § 2000a does not authorize money damages, which is all that appellants sought in the District Court. See Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968).

Accordingly, after careful review of appellants' allegations, we agree with the District Court that dismissal was appropriate. See Allah, 229 F.3d at 223. Because appellants received several opportunities to amend their complaint, the District Court did not abuse its discretion in concluding that granting further leave to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Thus, we will affirm the District Court's judgment.